# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| COLUMBUS D. D., | No. ED CV 18-1773-PLA |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I.
## PROCEEDINGS

Plaintiff[1] filed this action on August 23, 2018, seeking review of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB"). The parties filed Consents to proceed before a Magistrate Judge on September 20, 2018, and October 5, 2018. Pursuant to the Court's Order, the parties filed a Joint Submission (alternatively "JS") on May 13, 2019, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint

---

[1] In the interest of protecting plaintiff's privacy, this Memorandum Opinion and Order uses plaintiff's (1) first name, middle initial, and last initial, and (2) year of birth in lieu of a complete birth date. See Fed. R. Civ. P. 5.2(c)(2)(B), Local Rule 5.2-1.

Submission under submission without oral argument.

## II.
## BACKGROUND

Plaintiff was born in 1972. [Administrative Record ("AR") at 26.] He has past relevant work experience as a cook, a scout, and a gunner . [AR at 26, 58.]

On November 15, 2016, plaintiff protectively filed an application for a period of disability and DIB, alleging that he has been unable to work since November 1, 2015. [AR at 15.] After his application was denied initially and upon reconsideration, plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). [AR at 15, 106.] A video hearing was held on February 1, 2018, at which time plaintiff appeared represented by an attorney, and testified on his own behalf. [AR at 15, 33-62.] A vocational expert ("VE") also testified. [AR at 57-61.] On April 2, 2018, the ALJ issued a decision concluding that plaintiff was not under a disability from November 1, 2015, the alleged onset date, through April 2, 2018, the date of the decision. [AR at 15-28.] Plaintiff requested review of the ALJ's decision by the Appeals Council. [AR at 154-55.] When the Appeals Council denied plaintiff's request for review on July 17, 2018 [AR at 1-5], the ALJ's decision became the final decision of the Commissioner. See Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam) (citations omitted). This action followed.

## III.
## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010) (citation omitted).

"Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). "Where

evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Id. (internal quotation marks and citation omitted). However, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." Id. (quoting Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (internal quotation marks omitted)). The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Id. (internal quotation marks and citation omitted); see also SEC v. Chenery Corp., 318 U.S. 80, 87, 63 S. Ct. 454, 87 L. Ed. 626 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.").

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. Garcia v. Comm'r of Soc. Sec., 768 F.3d 925, 930 (9th Cir. 2014) (quoting 42 U.S.C. § 423(d)(1)(A)).

### A. THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006) (citing Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999)). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Lounsburry, 468 F.3d at 1114. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work

activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. § 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform past relevant work. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a prima facie case of disability is established. Id. The Commissioner then bears the burden of establishing that the claimant is not disabled because there is other work existing in "significant numbers" in the national or regional economy the claimant can do, either (1) by the testimony of a VE, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. part 404, subpart P, appendix 2. Lounsburry, 468 F.3d at 1114. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 721, 828 n.5 (9th Cir. 1995); Drouin, 966 F.2d at 1257.

**B.     THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 1, 2015, the alleged onset date.[2] [AR at 18.] At step two, the ALJ concluded that plaintiff has the severe impairments of degenerative disc disease of the lumbar spine and the cervical spine; osteoarthritis; posttraumatic stress disorder (PTSD); depression; obesity; obstructive sleep apnea; tibial neuritis; and degenerative joint disease of the first MTP joint of the first toe on the bilateral feet. [Id.] At step three, the ALJ determined that plaintiff does not have

---

[2]   The ALJ concluded that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020. [AR at 17.]

4

an impairment or a combination of impairments that meets or medically equals any of the impairments in the Listing. [Id.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[3] to perform light work as defined in 20 C.F.R. § 404.1567(b),[4] as follows:

> [H]e can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. [Plaintiff] can frequently reach, handle, finger, and feel. He should avoid concentrated exposure to extreme cold, working at heights, and working with hazards. He cannot climb ladders, ropes, or scaffolds. He is restricted to simple and routine tasks. He can tolerate occasional interactions with supervisors and coworkers but should only work in a non-public environment with incidental (less than occasional) public contact. He cannot work on a team and can maintain attention and concentration for 2-hour increments with normal work breaks. [Plaintiff] cannot work in a fast-paced work environment such as an assembly line or fast food restaurant during mealtimes.

[AR at 20.] At step four, based on plaintiff's RFC and the testimony of the VE, the ALJ concluded that plaintiff is unable to perform his past relevant work as a cook, a scout, and a gunner. [AR at 26.] At step five, based on plaintiff's RFC, vocational factors, and the VE's testimony, the ALJ found that there are jobs existing in significant numbers in the national economy that plaintiff can perform, including work as a "cleaner" (Dictionary of Occupational Titles ("DOT") No. 323.687-014), as a "material distributor" (DOT No. 230.687-010), and as a "hand packager" (DOT No. 920.687-018). [AR at 27.] Accordingly, the ALJ determined that plaintiff was not disabled at any time from the alleged onset date of November 1, 2015, through April 2, 2018, the date of the decision. [AR at 27-28.]

---

[3] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

# V.

# THE ALJ'S DECISION

Plaintiff contends that the ALJ erred when she: (1) determined plaintiff's RFC; and (2) rejected plaintiff's subjective symptom testimony. [JS at 4.] As set forth below, the Court agrees with plaintiff, in part, and remands for further proceedings.

**A. RFC DETERMINATION**

   **1. VA Disability Rating**

Plaintiff contends that the ALJ failed to properly evaluate his 100% VA disability rating in determining his RFC. [JS at 6.] The Court agrees.

Plaintiff's treating physical provider, the Department of Veterans Affairs, Disabled American Veterans ("VA"), issued a 100% disability rating on March 17, 2016. [AR at 174-200.] The rating was premised on certain medical evidence, including the following: (1) plaintiff's Application for Disability Compensation and Related Compensation Benefits, dated September 15, 2015; (2) plaintiff's Statement in Support of Claim, received September 15, 2015; (3) plaintiff's VA examinations, received March 7, 2016; and (4) Loma Linda Veterans Affairs Medical Center treatment records, from September 23, 2014, through March 10, 2016. [AR at 176.] According to the rating decision, plaintiff suffers from PTSD, with an adjustment disorder and depressed mood, which as of September 15, 2015, was determined to be 50% disabling, an increase from the previously determined 30%. [Id.] The increased rating was based on the following: difficulty in adapting to stressful circumstances, suspiciousness, depressed mood, disturbances of motivation and mood, flattened affect, mild memory loss, a formally diagnosed mental condition, anxiety, difficulty establishing and maintaining effective work and social relationships, and chronic sleep impairment. [Id.] Plaintiff was also found to suffer from 20% disabling degenerative arthritis of the spine, 10% disabling right and left ankle sprains, and 20% disabling left shoulder impingement. [AR at 177, 178, 183.]

In her decision, the ALJ gave little weight to the disability rating, stating that, "[t]he VA uses different criteria in assessing disability, which are not transferrable to a Social Security disability

assessment." [AR at 25.] The ALJ stated that, while "the VA found the [plaintiff] had a 100 percent disability rating as of September 2015 due to his mental and physical impairments . . . evaluation of the same impairments under Social Security law does not result in a finding of disability." [AR at 25.]

"[A]n ALJ must ordinarily give great weight to a VA determination of disability." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). This is so because of the "marked similarity between [the Social Security and VA] disability programs ... [which] serve the same governmental purpose -- providing benefits to those unable to work because of a serious disability." Id. Moreover, "[b]oth programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." Id. Recognizing that the two programs are not identical, however, the Ninth Circuit has held that an ALJ may accord less weight to a VA disability determination, but only if the ALJ "gives persuasive, specific, [and] valid reasons . . . that are supported by the record." Id.

The Court finds that the ALJ failed to properly evaluate plaintiff's 100% VA disability rating. The ALJ's sole rationale for giving little weight to this finding is that the VA uses different standards and criteria for determining disability. [AR at 25.] This is not a persuasive, specific, and valid reason to reject the rating, and defendant's post hoc rationalizations of the ALJ's improper reasoning cannot remedy the error. Revels, 874 F.3d at 654. Remand is warranted on this issue.

**2. "Stale" State Agency Opinions**

Plaintiff contends that the ALJ erred in relying on "stale" state agency opinions to support her finding that plaintiff can perform light work, and that medical evidence that was made part of the record after the state agency examiners' review undermines their opinions. [JS at 5.] The ALJ gave great weight to the State Agency opinions:

> As for opinion evidence, the State agency physical consultants' opinions carry significant weight. The DDS physical doctor [F. Kalmar, M.D.] opined that [plaintiff] could lift 20 pounds occasionally and lift and/or carry 10 pounds frequently. They thought that he could stand or walk a total of 6 hours in an 8-hour workday and sit for a total of 6 hours. [Dr. Kalmar] thought that [plaintiff] could occasionally climb

7

>ramps and stairs, ladders, ropes, and scaffolds; stoop; kneel; balance; and crawl.
>
>The DDS mental consultant[ ] [H. Amado, M.D.] opined that [plaintiff] could learn and retain at least simple and detailed instructions if clearly explained. Due to intrusive mental symptoms, [plaintiff] was limited to simple instructions on a consistent basis. It was noted that he was socially withdrawn but retained sufficient social and communicative skills to get along with others. He was found able to adapt to routine changes in the work setting over time.
>
>These opinions are persuasive because the DDS doctors were privy to most of the record. Further, they are specialists in evaluating impairments and have experience evaluating claimants in the context determining disability. Therefore, these opinions are given reasonable weight. Moreover, the opinions are generally consistent with the medical evidence available at the time they reviewed the file.

[AR at 24 (citations omitted).]

Reviewing physician Dr. Kalmar prepared his physical RFC evaluation on January 5, 2017 [AR at 71-73]; reviewing physician Dr. Amado issued his mental RFC assessment on February 27, 2017. [AR at 73-75.] Dr. Amado's report notes, "[plaintiff] is 100% VA disabled but for SSA purpose [plaintiff] with [history] of the above impairment [ ] is limited but can still perform a wide range of light work." [AR at 68.] With regard to the RFC assessments, the ALJ found:

>After carefully considering all of the evidence discussed above, the undersigned is satisfied that the [RFC] statement is an accurate depiction of [plaintiff's] capabilities related to work activities. His mental impairments appear to have improved with therapy but still cause significant problems interacting with others. [His] back impairments are reasonably well controlled with medication and physical therapy. He has foregone aggressive treatment such as surgery or injections due to successes with conservative measures. The evidence does not support limitations that are more restrictive.

[AR at 25-26.]

Plaintiff asserts that the ALJ improperly relied on "stale" state agency opinions when assessing the RFC because they were brief, conclusory, and do not represent a complete picture of plaintiff's impairments. [JS at 5, 14.] In support, plaintiff points to VA records, all of which post-date the state agency opinions, and which found the following: (1) in April 2017, plaintiff was struggling with worsening PTSD symptoms [AR at 629]; (2) in August 2017, plaintiff presented with symptoms consistent with anxiety, depression, and hypervigilance [AR at 768]; and (3) in November 2017, plaintiff's mood was dysphoric, his affect was flat and he had continued sleep disturbance. [AR at 762.] Defendant maintains that the ALJ considered this evidence along with

other records that *also* post-date the state agency opinions and show "significant improvement." [JS at 10]. Therefore, defendant argues, the ALJ properly relied on the state agency opinions because Dr. Amato and Dr. Kalmar reviewed most of the available evidence and their opinions are consistent with the medical evidence.[5] [JS at 10, 12.]

Because the matter is being remanded for reconsideration of the VA disability rating, which undoubtedly will require the ALJ's reconsideration of the medical record as a whole, the Court will not address this issue herein.

## B. SUBJECTIVE SYMPTOM TESTIMONY

In his applications for benefits, plaintiff alleged disability due to leg and shoulder injuries, osteoarthritis, degenerative disc disease, sciatica, PTSD, adjustment disorder, and depression. [AR at 217.] At the hearing, he testified that he can no longer work due to his back issues and PTSD; he wears foot orthotics and uses a cane or walking stick; he has pain in both hands and has difficulty holding and grabbing items; he alleged that he could stand for no longer than 15 minutes at a time and no longer than 2 hours in a workday; he alleged that he could lift about 10 to 15 pounds; and he alleged, due to his PTSD, he has trouble with concentration, memorization, socializing with others, and interaction with authority figures. [AR at 21 (citing hearing testimony).]

The ALJ discounted plaintiff's subjective symptom testimony because she found that it was overly restrictive given the evidence of improved symptoms, conservative treatment and daily activities. [AR at 21, 22, 25, 26.] With regard to plaintiff's improved symptoms and conservative treatment, the ALJ stated that plaintiff's back pain is well controlled with medication and physical therapy, and his PTSD, while causing significant problems interacting with others, has improved with therapy. [AR at 25.] With regard to daily activities, the ALJ points to plaintiff's ability to live alone, read to his daughter, and visit with his girlfriend. [AR at 21.]

---

[5] Defendant further argues that plaintiff has only pointed to medical notes that contradict the state agency opinions regarding plaintiff's *mental* condition, which accounts for 50% of the VA disability rating; defendant asserts that plaintiff has, therefore, waived this issue regarding plaintiff's *physical* condition, which accounts for the remaining 50% of the rating. [JS at 11.]

9

Plaintiff argues that these reasons are not clear and convincing, because they are insufficiently specific and cherry-pick the evidence. [JS at 15.] Defendant maintains that the ALJ did not cherry-pick and, in fact, rejected opinions that plaintiff could perform *very heavy* work and had only *mild* mental limitations.[6] [JS at 18.] Defendant, therefore, argues that the ALJ properly relied on evidence of record that demonstrated improvement, conservative treatment, and less restrictive daily activities. [JS at 20.]

Because the matter is being remanded for reconsideration of the medical opinions, and the ALJ on remand as a result must reconsider plaintiff's RFC in light of the record evidence, the ALJ must also reconsider on remand, pursuant to SSR 16-3p,[7] plaintiff's subjective symptom testimony and, based on her reconsideration of plaintiff's RFC, provide specific, clear and convincing reasons for discounting plaintiff's subjective symptom testimony if warranted. See Trevizo, 871 F.3d at 678 n.5; Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) (the "ALJ must identify the testimony that was not credible, and specify 'what evidence undermines the claimant's complaints.'"); Brown-Hunter v. Colvin, 806 F.3d 487, 493-94 (9th Cir. 2015) (the ALJ must identify the testimony he found not credible and "link that testimony to the particular parts of the record" supporting his non-credibility determination).

/

---

[6] In evaluating plaintiff's RFC, the ALJ stated that she considered but only gave some weight to the opinion of Dr. To, the consulting physical examiner, who found plaintiff could lift and/or carry 100 pounds occasionally and 50 pounds frequently [AR at 24], and the opinion of J. Zhang, Psy.D, the consulting mental examiner, who opined that plaintiff only had minor mental impairments. [AR at 25.] In both instances, the ALJ found that the consulting examiners' opinions were not supported by the evidence which, based at least in part on the "longitudinal record" and "longitudinal evidence," supported *greater* restrictions than those put forth by Dr. To and Dr. Zhang. [AR at 24, 25.]

[7] The Ninth Circuit in Trevizo noted that SSR 16-3p, which went into effect on March 28, 2016, "makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after [the ALJ] find[s] that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and 'not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness.'" Trevizo, 871 F.3d at 687 n.5 (citing SSR 16-3p). Thus, SSR 16-3p shall apply on remand.

# VI.

# **REMAND FOR FURTHER PROCEEDINGS**

The Court has discretion to remand or reverse and award benefits. Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (citation omitted). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. (citing Garrison, 759 F.3d at 1019). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. See Garrison, 759 F.3d at 1021.

In this case, there are outstanding issues that must be resolved before a final determination can be made. In an effort to expedite these proceedings and to avoid any confusion or misunderstanding as to what the Court intends, the Court will set forth the scope of the remand proceedings. First, because the ALJ failed to provide specific and legitimate reasons for discounting the 100% VA disability rating, the ALJ on remand shall reassess the medical opinions of record, including the VA disability rating. The ALJ must explain the weight afforded to each opinion and provide legally adequate reasons for any portion of an opinion, including the VA rating, that the ALJ discounts or rejects. Second, the ALJ on remand, in accordance with SSR 16-3p, shall reassess plaintiff's subjective allegations and either credit his testimony as true, or provide specific, clear and convincing reasons, supported by substantial evidence in the case record, for discounting or rejecting any testimony. Finally, the ALJ shall proceed to step five and determine, with the assistance of a VE if necessary, whether there are jobs existing in significant numbers in the regional and national economy that plaintiff can still perform.[8]

---

[8] Nothing herein is intended to disrupt the ALJ's step four finding that plaintiff is unable to return to his past relevant work.

11

## VII.

## CONCLUSION

**IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: August 7, 2019

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE